JUSTICE NELSON
dissents.
¶72 I concur in Chief Justice Gray’s dissent. As an aside, this is the third time in the last ten years that this Court has been called upon to interpret § 3-10-231, MCA. See State v. Vickers, 1998 MT 201, 290 Mont. 356, 964 P.2d 756; Potter v. Dist. Ct. of 16th Jud. Dist. (1994), 266 Mont. 384, 880 P.2d 1319. In these cases, the evidence that was seized pursuant to search warrants issued by justices of the peace was suppressed because of a failure to comply with the technical requirements of § 3-10-231, MCA.
¶73 Specifically, in Vickers, the acting justice of the peace did not qualify as a judge under § 3-10-231, MCA, because: (1) he failed to create a list of substitutes; (2) the constitutional oath of office was not properly administered; and (3) he failed to satisfy the call-in procedure when he did provide law enforcement officials with a “menu” of substitutes, rather than designating specific justices whom could assume jurisdiction. Vickers, ¶¶ 26-29. Further, in Potter, we held that marijuana and other drug related evidence seized as a result of search warrants issued by an acting justice of the peace must be suppressed, given that the acting justice of the peace did not qualify as such under § 3-10-231, MCA, because he: (1) did not draw up a list of persons qualified to hold court in his absence within thirty days of his taking office; (2) he did not a obtain a waiver of training from the Commission; (3) he was not sworn as an acting justice of the peace; and (4) another city judge was not asked to serve, although he was capable of so doing. Potter, 266 Mont. at 392-94, 880 P.2d at 1324-26.
¶74 In addition to Vickers and Potter and the discussions contained therein, § 3-10-231, MCA, has been at issue in five separate Attorney General Opinions. All of these opinions have attempted to provide guidance regarding the very complex process of substituting a justice of the peace. See 48 Op. Att’y Gen. 11 (2000); 43 Op. Att’y Gen. 51 (1990); 43 Op. Att’y Gen. 49 (1989); 42 Op. Att’y Gen. 4 (1987); 40 Op. Att’y Gen. 26 (1983). If nothing else, this Court’s Opinions in Vickers and Potter, coupled with those of the Attorney General ought to say something to the legislature regarding the complexity of the process delineated in § 3-10-231, MCA-namely that calling in an acting justice of the peace should not be this difficult.
*432 ¶75 Section 3-10-231, MCA, was originally enacted in 1871; it has been amended numerous times, the last in 1997. It is high time that § 3-10-231, MCA, be scrapped and a new statute adopted which simplifies the process and procedure for calling in a qualified substitute justice of the peace. The present statute contains sufficient traps for the unwary and, as here, interpretational issues, to make calling in a substitute justice, at best, risky business. And, as demonstrated by Vickers and Potter, the consequences of not complying with the statute are severe-i.e., crucial evidence of criminal conduct can be lost.
¶76 In some cases, as the Court’s Opinion shows, the actual practice of justices does not conform to what that law actually requires-e.g., some justices do not consult with every judge in every surrounding county in attempting to assess the judge’s availability or lack thereof.
¶77 In other instances, what the law requires does not make sense. For example, § 3-10-231(4), MCA, requires that if the justice of the peace is attending a training session, another justice of the peace in the same county is authorized to handle matters that would otherwise be handled by the absent justice. One problem with this language is that all limited court jurisdiction judges must complete two mandatory training sessions each year as prescribed by the Commission on Courts of Limited Jurisdiction. See § 3-1-1502, MCA; Rule 4 of the Rules for Courts of Limited Jurisdiction Training and Certification of Judges. In jurisdictions which have two justices of the peace, both justices of the peace, along with the city court and municipal court judges, will all be in the prescribed training at the same time.
¶78 In short, § 3-10-231, MCA, needs to be made a good deal more user friendly and workable than it is now. I join Chief Justice Gray’s Dissent.